UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE No. _____

John W. Pothier,
      Plaintiff

vs.

JANET YELLEN, as Secretary,
U.S. Department of the Treasury,
Internal Revenue Service,
                    Defendant.
_____/



FILED BY_____ D.C.
JUL 28 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## COMPLAINT

Plaintiff, John W. Pothier, hereby files this Complaint against the Defendant, Janet Yellen, U.S. Secretary of the Treasury, Internal Revenue Service, and as grounds therefor, Plaintiff states as follows:

### I. INTRODUCTION

1. This is an action to halt and redress for the unlawful discrimination, perpertrated by the Defendant, against the Plaintiff, for the violation of Title VII of the Civil Rights Act of 1964. Under Title VII of the Civil Rights Act of 1964, Executive Agencies, such as the Department of the Treasury, cannot treat an employee unfavorably because of that person's sex.

1

2. This is also an action to halt and redress for the unlawful discrimination, perpertrated by the Defendant, against the Plaintiff, for the violation of the Age Discrimination in Employment Act of 1967. Executive Agencies, such as the Department of the Treasury, prohibits employment discrimination against persons 40 years of age or older.

3. Despite repeated request to be allowed to work full time in his POD, request for annual leave and sick leave, but not limited to, Weather and Safety Leave, and the Plaintiff's notifications to management, that working from home was not a viable option, management denied the Plaintiff's request to work in his POD and request for leave, which resulted in placing him in an Absent without Leave ("AWOL") Status depriving him of continued compensation and associated job benefits, for a period of six (6) months up to the day the Plaintiff was terminated from the service.

4. Plaintiff seeks appropriate redress for the alleged statutory violations, including appropriate damages and a declaratory judgement, recognizing the illegality of Defendant's personal practices, as applied to the Plaintiff.

## II. PARTIES

5. Plaintiff, John W. Pothier, is a resident of Broward County, Florida, and at all material times herein, he was employed as a Revenue Agent, GS-13, for the Defendant, herein, the U.S. Department of the Treasury, Internal Revenue Service.

6. Defendant, Janet Yellen, as Secretary, U.S. Department of the treasury, Internal Revenue Service, is the Agency head of the U.S. Department of the Treasury, and as such, she is responsible for the personnel policies of this Executive Agency, and further, the action herein, is brought against her in her official capacity.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331; and in addition, the Plaintiff seeks declaratory relief in this action, pursuant to 28 U.S.C. § 2201 and 2202.

8. Venue is proper in this district, pursuant to 28 U.S.C. § 1391, since a substantial part of the events or omissions giving rise to the pertinent claims, occurred in the Southern District of Florida.

9. On May 23, 2021, the Plaintiff timely sought the applicable Equal Employment Opportunity ("EEO") Counseling, and in addition, thereafter, on July 28, 2021, the Plaintiff received the Notice of Right to File.

10. On August 11, 2021, the Plaintiff filed a Formal EEOC Complaint.

11. On September 15, 2021, the Plaintiff received the ACCEPTED/PARTIAL DISMISSAL Letter (see Exhibit C)

12. On February 6, 2023, the Plaintiff informed EEOC that he is requesting a voluntary dismissal from EEOC case No. 510-2022-00093X assigned to Administrative Judge Robert Rose.

13. On February 7, 2023, Administrative Judge Robert Rose issued a DISMISSAL ORDER (see Exhibit A).

14. On May 1, 2023, the Agency issued their Final Agency Decision (FAD), (see Exhibit B), and following the dismissal, the Plaintiff is allowed to continue with the adjudication of his EEO claims, in federal district court.

15. This Court may assert jurisdiction over Secretary Yellen, as head of the U.S. Department of the Treasury, which is headquartered in Washington, D.C., since the Department's directives and policies impacted Plaintiff's employment relationship with the Defendant within the Southern District of Florida.

### III. FACTUAL ALLEGATIONS

16. On April 27, 2021, federal manager, Ricardo Medina gave permission to female Reveue Agent, Ivette Brau to work at Plaintiff's home. Ms. Brau and Plaintiff had been working a large Currnecy Exchanger in central Florida. Plaintiff was the lead examiner and Ms. Brau was assisting him. During the time period for which Ms. Brau was at Plaintiff's home, both Ms. Brau and Plaintiff were paid. Ms. Brau received her eight (8) hours of pay, one (1) hour while at Plaintiff's home and the remainder for travel to and from my home and the rest for working at her home. Plaintiff was paid one (1) hour of regular pay and charged seven (7) hours of AWOL. The Plaintiff was at his home the entire day from 7:30am to 4:pm. There were no allegations or suggestions from Medina that Plaintiff was not at his home.

17. On April 29, 2021, Medina gave permission to Ms. Brau to work at Plaintiff's home. Ms. Brau and Plaintiff had been working a large Currnecy Exchanger in

central Florida. Plaintiff was the lead examiner and Ms. Brau was assisting himme. During the time period for which Ms. Brau was at Plaintiff's home, both Ms. Brau and Plaintiff were paid. Ms. Brau received her eight (8) hours of pay, two (2) hours while at my home and the remainder for travel to and from Plaintiff's home and the rest for working at her home. Plaintiff was paid one (2) hours of regular pay and charged seven (6) hours of AWOL. The Plaintiff was at his home the entire day from 7:30am to 4:pm. There were no allegations or suggestions from Medina that Plaintiff was not at his home.

18. On March 31, 2020, the Plaintiff and due to Covid 19 was forced to work at his home under a directive issued by Robin D. Bailey, Jr., IRS Human Capital Officer.

19. The Plaintiff did not have a Telework Agreement with the IRS since 2019 and prior to the mention of the word "Covid". The Plaintiff did not Telework. The Plaintiff's home was 3.0 miles from the POD and the Plaintiff's gym parking lot and the POD parking lot were divided by a six (6) foot strip of grass. The Plaintiff was at the gym by 5:am and at his desk by 7:15am every day Monday through Friday.

20. The Plaintiff did not have a mutually agreed alternate telework agreement with the Internal Revenue Service to work at a location other than the address listed on HR Connect..

21. On July 2, 2020, the Plaintiff purchased a new home in Davie, Florida, approximately 2.5 miles from his Post of Duty (POD).

22. On December 31, 2020, and in an email to Medina, Plaintiff informed Medina that he will be working from his new home starting January 4, 2021. The Plaintiff updated his new home address in HR Connect on December 31, 2020.

23. From January 4, 2021 through March 29, 2021 Plaintiff had been working at his new home and receiving his regular pay. There were no charges of AWOL.

24. On Saturday, March 27, 2021 @ 5:09am and in an email Plaintiff informed Medina that he was requesting Administrative Time to file an action for violation of the Anti-Harassment Policy issued by Commissionor Rettig dated February 3, 2020.

25. On Tuesday, March 30, 2021, Medina starting charging the Plaintiff with AWOL when working at his home as listed in HR Connect since December 31, 2020. The AWOL charges continued up to being terminated from the service.

26. From March 30, 2021, through September 27, 2021, management sent to the Plaintiff's home as listed on HR Connect and through the U.S. Postal Service and United Pacel Service, Notices of AWOL.

27. Medina's actions for charging me AWOL and starting on March 30, 2021 (see above # 23) is a Prohibited Personal Practice pursuant to 5 U.S. Code § 2302 (9)(A):

> **(9)** take or fail to take, or threaten to take or fail to take, any personnel action against any employee or applicant for employment because of—
>
> **(A)** the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation—

28. Management's intentional and malicious violations of law, OPM policies, and management's IRS training.

> Guidance from Office of Personal management (OPM).
>
> AWOL or Absent Without Leave
>
> AWOL is defined as a non-pay status that covers an absence from duty which has not been approved.
>
> AWOL is an employees' failure to report to work as scheduled
>
> AWOL is an employee attendance issue
>
>> AWOL is when:
>> - An employee is absent from their assigned place of duty;
>> - The absence was not authorized; and/ or
>> - The leave requested by the employee has been properly denied
>
> Within the "IRS Manager's Guide to Penalty Determinations", Document 11500 (Rev. 08-2012) Catalog Number 32178R, and on page three (3) it states under "Attendance Related Offenses"
>
>> Absence Without Leave (AWOL). This includes, but is not limited to, unauthorized absence or departure from the duty station:
>>
>> Additionally, on page three (3) it is stated under "Key Penalty Factors"
>>
>> 1. the employee was absent from duty; and
>> 2. the absence was either not authorized or a request for leave was properly denied.

29. Reasons given by management for charging the Plaintiff with AWOL are:

1. Medina stated: You failed to report to Home # 1, the approved telework location, as you were directed. You acknowledge you have internet at Home # 1. Additionally, you have been provided with a hot spot that works at Home #1 and you said it does not work at Home #2.

2. On Wednesday, May 19, 2021 @3:53pm, in an email from Acting Territory Manager Jason Carmen, Carmen stated the below reasons for charging the Plaintiff with AWOL:

   A. you would be paid, but you are not working your cases as directed.

   B. Again, you are being charged AWOL and not being paid because you are not signed on during your scheduled tour of duty performing assigned work.

   C. Management cannot tell when you are signed on except when you send e-mails at inappropriate hours outside of your tour of duty which shows that you do have internet capability.

**COUNT I**
**(VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964)**

29. Plaintiff restates and reavers the allegations contained in Paragraphs 1-28 of the Complaint, as if fully set forth herein.

30. Plaintiff had requested multiple times from management and since July 2020 to be allowed to work in his POD. The request was made in July 2020 when the

Internal Revenue Service was allowing employees to go back into their PODs. Management continually denied the Plaintiff's request to work in his POD.

31. The Plaintiff explained to management that he has to work on a 3x4 foot kitchen table and on a hard kitchen chair and with no cabinet to secure confidential records. Whereas, in his cubicle the Plaintiff has eleven (11) feet of desk space and six lockable cabinets.

32. Plaintiff worked as a GS-13 at his new home as listed on HR Connect from January 4, 2021 through March 29, 2021 and received his regular pay during this three (3) month period.

33. Starting on March 30, 2021, and through September 27, 2021, the day of the Plaintiff's termination, the Plaintiff was charged with AWOL. The Plaintiff was working at his new home as listed on HR Connect during this six (6) month period.

34. On April 27, 2021 and April 29, 2021, Medina gave permission to female Revenue Agent Ivette Brau to work at my new home as listed on HR Connect.

35. Management only paid the Plaintiff his regular pay and for only the hours that Ms. Brau was at the Plaintiff's home.

36. Management did not charge Ms. Brau with AWOL when she was working at the same home for which management was charging me AWOL.

## COUNT II
### (VIOLATION OF THE AGE DISCRIMINATION ACT OF 1967)

37. Plaintiff restates and reavers the allegations contained in Paragraphs 1-36 of the Complaint, as if fully set forth herein.

9

38. Management started aggressively taking a stance to harm the Plaintiff by issuing charges of AWOL to the Plaintiff even though management knew for a fact that the Plaintiff was at his home as listed on HR Connect.

39. Management's aggressive stance to harm the Plaintiff was to force the Plaintiff into retirement. The Plaintiff refused to retire and the Plaintiff was terminated.

40. The Plaintiff's federal time started on September 27, 1974 in the military and the Plaintiff was terminated by the service on September 27, 2021.

41. The Plaintiff had an outstanding job performance with his last evaluation dated January 14, 2021 as a 4.8 out of a possible 5.

42. On February 19, 2020 @ 10:32am, the Plaintiff received an email from Territory Manager, Theresa Cheatham asking if I would consider a detail to Policy. The detail would have been a promotion to a GS-14 position. The Plaintiff declined the offer of the detail and stated to Ms. Cheatham in a reply email "Thank you, but no thank you. You couldn't even imaging how much I love the exam aspect of the job.

43. As a result of the Defendant employer's unlawful actions, the Plaintiff has suffered both pecuniary and non-pecuniary harm.
**Wherefore,** Plaintiff, John W. Pothier, respectfully request that the Court enter judgement in his favor, against the Defendant, Janet Yellen, as Secretary of the U.S. Treasury, Internal Revenue Service, and order the following substantive relief:

A) Declare that the Defendant's actions in this case, with regard to the imposition of its personal practices, against the Plaintiff, violated the substantive terms of

both Title VII of the Civil Rights Act of 1964 and the Age Discrimination Act of 1967.

B) Award the Plaintiff pecuniary damages, including back pay, front pay and the restoration of any and all job benefits, associated with his prior employment with the defendant.

C) Award the Plaintiff compensatory damages as compensation for emotional pain and suffering, resulting from the Defendant's unlawful conduct; and

D) Award any and all further relief, which the Court deems to be just, proper and equitable.

### Demand for Trial by Jury

Plaintiff demands trial by jury of all issues so triable.

Respectfully Submitted
John W. Pothier
Pro se

8208 SW 26th place
Davie, Florida  33328
(508) 737-3723 Cell phone
E-mail: Jpoth4563@erols.com

_____
John W. Pothier